UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE ARELLANO,

    Petitioner,                                              Case No. 2:17-cv-12133

    v.                                                         UNITED STATES DISTRICT JUDGE
                                                                  GERSHWIN A. DRAIN

ANTHONY STEWART,

                                                              UNITED STATES MAGISTRATE JUDGE
    Respondent.                                         PATRICIA T. MORRIS

_____/

DIANE ARELLANO,

    Petitioner,                                              Case No. 2:17-cv-12206

    v.                                                         UNITED STATES DISTRICT JUDGE
                                                                  GERSHWIN A. DRAIN

ANTHONY STEWART,

                                                              UNITED STATES MAGISTRATE JUDGE
    Respondent.                                         PATRICIA T. MORRIS

_____/

**ORDER DISMISSING CASE NUMBER 2:17-CV-12133,
GRANTING THE MOTION FOR A STAY IN CASE NUMBER 2:17-CV-12206,
AND CLOSING CASE NUMBER 2:17-CV-12206**

**I. INTRODUCTION**

These matters come before the Court on two habeas corpus cases filed by Diane Arellano ("Arellano" or "Petitioner"). On June 28, 2017, Petitioner filed a "Memorandum of Law in Support of Motion to Expand Record." *Arellano v.*

*Stewart*, 17-cv-12133, (E.D. Mich. Jun. 28, 2017), Dkt. No. 1 ("*Arellano I*"). Because the memorandum appeared to challenge Petitioner's first-degree murder conviction, the memorandum was treated as a habeas corpus petition and assigned case number 2:17-cv-12133.

On June 30, 2017, Arellano filed a habeas corpus petition, along with the filing fee and a motion for a stay. *Arellano v. Stewart*, 17-cv-12206, (E.D. Mich. June 30, 2017), Dkt. Nos. 1–3 ("*Arellano II*"). This petition was treated as a new case and assigned case number 2:17-cv-12206.

In her habeas petition, Arellano outlines that in 2014 she was convicted of first-degree murder and possession of a firearm during the commission of a felony, and sentenced to life imprisonment without the possibility of parole. *Id.* at Dkt. No. 1 (Pg. ID 1). The Michigan Court of Appeals affirmed her convictions, *see People v. Arellano*, No. 322886, 2015 WL 7370072 (Mich. Ct. App. Nov. 19, 2015), and on June 28, 2016, the Michigan Supreme Court denied leave to appeal. *See People v. Arellano*, 499 Mich. 969, 880 N.W.2d 578 (Mich. 2016).

Arellano's habeas petition contains only one ground for relief: that the officer in charge of her state criminal case improperly invaded the province of the jury. *Arellano II*, 17-cv-12206, Dkt. No. 1, p. 5 (Pg. ID 5). On May 29, 2017, however, Petitioner allegedly filed a motion for relief from judgment in the state courts in

which she raised several claims regarding her trial and her appellate attorneys, and the police and prosecutor. *Id.* at p. 7 (Pg. ID 7). She also asserted her innocence as to the crimes for which she is incarcerated. *Id.* at p. 3 (Pg. ID 3). The state trial court denied Petitioner's motion, and her appeal from the trial court's decision is pending in the Michigan Court of Appeals. *Id.* at pp. 3–4 (Pg. ID 3–4). In Arellano's motion for a stay presently before the Court, she asks the Court to hold her petition in abeyance until the state courts have concluded their review of her post-conviction motion. *Id.* at Dkt. No. 2, p. 1–2 (Pg. ID 1–2).

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to give state courts an opportunity to act on their claims before they present their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his or her claims to the state court of appeals and state supreme court before raising the claims in a habeas corpus petition.

*Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). A federal court ordinarily must dismiss a habeas petition that contains a claim not exhausted in the state courts. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Petitioner seems to have exhausted state remedies for the claim regarding the officer in charge of her case, but she seeks to raise additional claims in an amended petition. She intends to file the amended petition as soon as the state courts have concluded their review of her post-conviction motion. Dismissing Arellano's habeas petition as she continues to seek state remedies for new claims could result in a bar of a subsequent petition pursuant to the one-year statute of limitations, enacted after the decision in *Rose*. *See* 28 U.S.C. § 2244(d) (effective April 24, 1996).

To resolve this tension between the total exhaustion rule and the one-year statute of limitations, the Supreme Court has approved a "stay-and-abeyance" procedure for cases with a "mixed" petition of exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275–77 (2005). Under this procedure, a district court stays the federal proceeding and holds the habeas petition in abeyance while the petitioner pursues state remedies for his or her unexhausted claims. *Id*. After a state court completes its review of a petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275–76. This procedure is limited to circumstances where the petitioner "had good cause for his

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics." *Id*. at 278. When a petitioner satisfies those conditions, "the district court should stay, rather than dismiss, the mixed petition." *Id*.

Petitioner's current petition is not a "mixed petition" of exhausted and unexhausted claims; it contains only the exhausted claim about the testimony of the officer in charge of her case. Federal district courts, however, "ordinarily have authority to issue stays," *id.* at 276, and some federal circuit courts have applied the stay-and-abeyance procedure described in *Rhines* to cases where the petition was not "mixed." *See Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions" and "a district court may stay a petition that raises *only* unexhausted claims") (emphasis in original); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition), *cert. denied*, 135 S. Ct. 1424 (2015); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009) (concluding from *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the

presentation of a mixed petition" and that "the District Court's interpretation of *Rhines* as foreclosing the possibility of a stay for Heleva was in error").

These appellate rulings are eminently reasonable because in *Pace*, 544 U.S. at 416, the Supreme Court permitted prisoners seeking state post-conviction relief to file "protective" petitions in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies were exhausted. Similarly, in *Duncan v. Walker*, 533 U.S. 167, 182–83 (2001), former Justice Stevens stated that:

> [I]n our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

Accordingly, the Court will apply the *Rhines* factors to Petitioner's case.

Petitioner suggests appellate counsel was "cause" for her failure to raise additional claims on direct appeal, and her unexhausted claims are not plainly meritless. In addition, she does not appear to be engaged in intentionally dilatory litigation tactics. The Court concludes it would not be an abuse of discretion to stay Arellano's habeas petition while she continues to pursue remedies in state court. The Court therefore GRANTS Petitioner's motion for a stay in case number 2:17-cv-12206 (Dkt. #2) and holds her habeas petition (Dkt. #1) in abeyance.

If Petitioner is unsuccessful in state court and wishes to return to federal court, she must move to re-open her case and file an amended habeas petition within ninety (90) days of exhausting state remedies for her new claims. The motion and amended petition should be filed in case number 2:17-cv-12206. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close case number 2:17-cv-12206 for administrative purposes only. Additionally, the Court hereby dismisses case number 2:17-cv-12133 because it has been superseded by the habeas petition filed in case number 2:17-cv-12206.

IT IS SO ORDERED.

Dated: September 13, 2017    /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk